IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN LAYER, on behalf of himself and similarly situated employees, | : CIVIL ACTION : : |
| Plaintiff, | : NO. _____ |
| v. | : : NON- JURY TRIAL |
| TRINITY HEALTH CORPORATION; MERCY HEALTH SYSTEM; and LOURDES HEALTH SYSTEM, | : : : |
| Defendants. | : : |

## COMPLAINT - CLASS/COLLECTIVE ACTION

John Layer ("Plaintiff") brings this class/collective action lawsuit against Trinity Health Corporation ("Trinity"), Mercy Health System ("Mercy System"), and Lourdes Health System ("Lourdes System") seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.* Plaintiff asserts his FLSA claim as a collective action under 29 U.S.C. § 216(b) and asserts his PMWA claim as a class action under Federal Rule of Civil Procedure 23.

## JURISDICTION AND VENUE

1. Subject matter jurisdiction over the FLSA claim is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Subject matter jurisdiction over the PMWA claim is based on 28 U.S.C. § 1367.

3. Venue is based on 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff resides in Glenside, PA (Montgomery County).

5. Trinity is a corporate entity headquartered in Livonia, MI.

6. Mercy System is a wholly-owned subsidiary of Trinity and is headquartered in

Conshohocken, PA (Montgomery County).

7. Lourdes System is a wholly-owned subsidiary of Trinity and is headquartered in Camden, NJ.

8. Trinity, Mercy System, and Lourdes System are referred to collectively as "Defendants."

9. Defendants, both individually and collectively, employ individuals, including Plaintiff, engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person.

## FACTS

10. Trinity "controls one of the largest health care systems in the United States." See Trinity's Consolidated Financial Statements for the Years Ended June 30, 2016 and 2015 ("CFO") at p. 10. Trinity characterizes its business as comprising "a comprehensive integrated network of health services." Id.

11. Trinity's "comprehensive integrated network" includes Mercy System. See http://www.trinity-health.org/pennsylvania (last viewed June 3, 2018). Mercy System is comprised of, *inter alia*: Mercy Fitzgerald Hospital (located in Darby, PA); Mercy Philadelphia Hospital (located in Philadelphia, PA); Nazareth Hospital (located in Philadelphia, PA); and several adult day care centers operating under the "Mercy LIFE" brand and located in Philadelphia, Sharon Hill, Elwyn, and Norristown, PA.

12. Trinity's "comprehensive integrated network" includes Lourdes System. See http://www.trinity-health.org/new-jersey (last viewed June 3, 2018). Lourdes System is comprised of, *inter alia*: Our Lady of Lourdes Medical Center (located in Camden, NJ); Lourdes

Medical Center of Burlington County (located in Willingboro, NJ); and outpatient care facilities operating under "LourdesCare" brand and located in Cherry Hill, Moorestown, and New Hanover, NJ.

13.     In addition to the Mercy and Lourdes Systems, Trinity's "comprehensive integrated network" includes other healthcare systems, hospitals, and facilities operating in 21 states.  We will call these "Network Locations."  Nearby Network Locations include: (i) Saint Francis Healthcare, which includes Saint Francis Hospital in Wilmington, DE and several adult day care facilities; (ii) Saint Francis Homecare, which provides home health and companionship services in Delaware; (iii) Select Specialty Hospital, a long-term care facility in Wilmington, DE; (iv) Saint Mary Medical Center in Langhorne, PA; and (v) Saint Francis Medical Center in Trenton, NJ.

14.     Trinity purports to "employ[] more than 133,000 colleagues."  See http://www.trinity-health.org/about-us (last viewed June 3, 2018); accord http://www.trinity-health.org/financial-strength (last viewed June 3, 2018).  These "colleagues" – known as "employees" in ordinary language – include Plaintiff, other individuals working for the Mercy and Lourdes Systems, and other individuals working for Network Locations.

15.     During the fiscal year ending June 30, 2016, Trinity paid its employees $7,056,453,000 in "[s]alaries and wages."  See CFO at p. 6.  This amount includes salaries and wages paid to Plaintiff, other individuals working for the Mercy and Lourdes Systems, and other individuals working for Network Locations.

16.     During the fiscal year ending June 30, 2016, Trinity paid its employees $1,457,253,000 in "[e]mployee benefits."  See CFO at p. 6.  This amount includes benefits paid to Plaintiff, other individuals working for the Mercy and Lourdes Systems, and other individuals

working for Network Locations.

17.     Trinity "operates a wholly owned insurance company" and, as a result, "is self-insured for certain levels of general and professional liability, workers' compensation and certain other claims." See CFO at p. 31.  This insurance covers Plaintiff, other individuals working for the Mercy and Lourdes Systems, and other individuals working for Network Locations.

18.     Trinity "sponsors defined contribution pension plans covering substantially all of its employees." See CFO at p. 32.  These covered employees include Plaintiff, other individuals working for the Mercy and Lourdes Systems, and other individuals working for Network Locations.

19.     Trinity has implemented and maintains a set of workplace Policies and Procedures that "have been adopted by the Board and/or Executive Leadership Team for system-wide application."  These Policies and Procedures apply to Plaintiff, other individuals working for the Mercy and Lourdes Systems, and other individuals working for Network Locations.

20.     Trinity has implemented and maintains a centralized payroll system that it uses to determine the compensation owed to Plaintiff, other individuals working for the Mercy and Lourdes Systems, and other individuals working for Network Locations.

21.     Plaintiff is jointly employed by Defendants as a Medical Lab Technician (previously Medical Technologist), paid an hourly wage, and classified as non-exempt from federal and state overtime laws.

22.     Within the same 7-day workweek and 14-day pay period, Plaintiff has worked at facilities falling within *both* the Mercy System (particularly the Mercy Philadelphia Hospital) and the Lourdes System (particularly Our Lady of Lourdes Medical Center and/or Lourdes Medical Center of Burlington County).

23.     The FLSA and PMWA generally require that employees receive extra overtime pay (calculated at 150% of the regular pay rate) for hours worked over 40 in a 7-day week. See 29 U.S.C. § 207(a)(2); 43 P.S. § 333.104(c).  This obligation is modified for hospitals and other health care employers so that, under certain circumstances, extra overtime pay does not become due until the employee's work hours exceed 80 in a 14-day period. See 29 U.S.C. § 207(j); 43 P.S. § 333.104(c).

24.     This lawsuit alleges that Defendants violated the FLSA and PMWA by failing to pay adequate overtime compensation to Plaintiff and other employees during weeks (or, under § 207(j), 14-day pay periods) in which (i) they worked for two or more health care facilities owned or operated by Trinity or its subsidiaries and (ii) their *combined* work hours exceeded the 40-hour overtime threshold (or, under § 207(j), the 80-hour threshold).  Defendants' FLSA/PMWA violation is exemplified by the following:  During the 14-day pay period ending June 17, 2017, Plaintiff worked 80.25 hours at Mercy Philadelphia Hospital (part of the Mercy System) and 16.75 hours at either Our Lady of Lourdes Medical Center or Lourdes Medical Center of Burlington County (both part of the Lourdes System).  So Plaintiff's combined work for the 14-day pay period totaled 97 hours, which equates to 17 overtime hours under § 207(j).  Yet, Plaintiff received extra overtime pay for only .25 hours (or 15 minutes).  That's because, in determining Plaintiff's compensation, Defendants limited Plaintiff's overtime premium pay to those hours in which his work for a single health system (the Mercy System in this example) exceeded the overtime threshold.

25.     The U.S. Department of Labor's Wage & Hour Division has implemented a regulation, found at 29 C.F.R. § 791.2(a), addressing the circumstances of this lawsuit:

> A single individual may stand in the relation of an employee to two or more employers at the same time under the [FLSA], since there is

5

> nothing in the act which prevents an individual employed by one employer from also entering into an employment relationship with a different employer. A determination of whether the employment by the employers is to be considered joint employment or separate and distinct employment for purposes of the act depends upon all the facts in the particular case. If all the relevant facts establish that two or more employers are acting entirely independently of each other and are completely disassociated with respect to the employment of a particular employee, who during the same workweek performs work for more than one employer, each employer may disregard all work performed by the employee for the other employer (or employers) in determining his own responsibilities under the Act. On the other hand, if the facts establish that the employee is employed jointly by two or more employers, i.e., that employment by one employer is not completely disassociated from employment by the other employer(s), all of the employee's work for all of the joint employers during the workweek is considered as one employment for purposes of the Act. In this event, all joint employers are responsible, both individually and jointly, for compliance with all of the applicable provisions of the act, including the overtime provisions, with respect to the entire employment for the particular workweek. In discharging the joint obligation each employer may, of course, take credit toward minimum wage and overtime requirements for all payments made to the employee by the other joint employer or employers.

29 C.F.R. § 791.2(a) (footnotes omitted).

      26.    Here, Defendants are not "acting entirely independently of each other" and are not "completely disassociated with respect to the employment of [Plaintiff and similar employees]." 29 C.F.R. § 791.2(a). As already explained, the Mercy and Lourdes Systems – like Trinity's other Network Locations – are cogs in a "comprehensive integrated network" of health providers that combine revenues, profits, and expenses in a consolidated financial statement, present themselves to consumers as having the resources and sophistication of a national healthcare conglomerate, see generally http://www.trinity-health.org (last viewed June 3, 2018), and achieve economies of scale by centralizing and consolidating human resource functions, payroll, employee benefit plans, and insurance coverage. In sum, Trinity "***controls*** one of the largest health care systems in the United States." CFO at p. 10 (emphasis supplied).

6

27. Based on the above, Defendants have willfully violated the overtime pay mandates of the FLSA and PMWA through their reckless disregard of 29 C.F.R. § 791.2(a) and other well-established provisions.

## **COLLECTIVE AND CLASS ALLEGATIONS**

28. Plaintiff brings his FLSA claim pursuant to 29 U.S.C. § 216(b) on behalf of all employees in the United States who, during any pay period within the past three years: (i) were classified as non-exempt from the FLSA's overtime pay mandate; (ii) worked for two or more healthcare systems, hospitals, or facilities owned or operated by Trinity or its subsidiaries; and (iii) were not paid overtime premium pay based on the total combined hours worked at all healthcare systems, hospitals, or facilities owned or operated by Trinity or its subsidiaries.

29. Plaintiff's FLSA claim should proceed as a collective action because Plaintiff and other potential members of the collective, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

30. Plaintiff brings his PMWA claim pursuant to Federal Rule of Civil Procedure 23 on behalf of all employees who, during any pay period within the past three years: (i) were classified as non-exempt from the FLSA's overtime pay mandate; (ii) worked for the Mercy System or the Saint Mary Medical Center; (iii) also worked for the Lourdes System or any other healthcare system, hospital, or facility owned or operated by Trinity or its subsidiaries; and (iv) was not paid overtime premium pay based on the total combined hours worked at all healthcare systems, hospitals, or facilities owned or operated by Trinity or its subsidiaries.

31. The putative class, upon information and belief, includes over 50 individuals, all of whom are readily ascertainable based on Defendants' payroll records, and, as such, is so

numerous that joinder of all class members is impracticable.

32. Plaintiff is a class member, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

33. Plaintiff will fairly and adequately represent the class members and their interests, and he has retained competent and experienced counsel who will effectively represent the class members' interests.

34. Questions of law and fact are common to all class members, since, *inter alia*, this lawsuit concerns the legality of Defendants' standardized compensation practices.

35. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over any questions affecting only Plaintiff and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I
**(Alleging Violations of the FLSA)**

36. All previous paragraphs are incorporated as though fully set forth herein.

37. The FLSA generally requires that employees receive extra overtime pay (calculated at 150% of the regular pay rate) for hours worked over 40 in a 7-day week. See 29 U.S.C. § 207(a)(2). This obligation is modified for hospitals and other health care employers so that, under certain circumstances, extra overtime pay does not become due until the employee's work hours exceed 80 in a 14-day period. See 29 U.S.C. § 207(j).

38. Regardless of whether a 7-day/40-hour or 14-day/80-hour threshold applies, all Defendants violated the FLSA by failing to pay overtime based on the combined hours that Plaintiff and other employees spent working at both Mercy and Lourdes System facilities. In

addition: (i) Trinity and Mercy System violated the FLSA to the extent they failed to pay overtime based on the combined hours that employees spent working for both Mercy System and other Network Locations (as defined in paragraph 13); (ii) Trinity and Lourdes System violated the FLSA to the extent they failed to pay overtime based on the combined hours that employees spent working for both Lourdes System and other Network Locations; and (iii) Trinity violated the FLSA to the extent they failed to pay overtime based on the combined hours that employees spent working for two or more Network Locations.

## COUNT II
**(Alleging Violations of the PMWA)**

39. All previous paragraphs are incorporated as though fully set forth herein.

40. The PMWA generally requires that employees receive extra overtime pay (calculated at 150% of the regular pay rate) for hours worked over 40 in a 7-day week. See 43 P.S. § 333.104(c). This obligation is modified for hospitals and certain other health care employers so that, under certain circumstances, extra overtime pay does not become due until the employee's work hours exceed 80 in a 14-day period. See 43 P.S. § 333.104(c) (incorporating 29 U.S.C. § 207(j)).

41. Regardless of whether a 7-day/40-hour or 14-day/80-hour threshold applies, Defendants violated the PMWA by failing to pay overtime based on the combined hours that Plaintiff and other employees spent working for (i) Mercy System or the Saint Mary Medical Center and (ii) Lourdes System or any other healthcare system, hospital, or facility owned or operated by Trinity or its subsidiaries.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and others, seeks: (a) unpaid overtime compensation; (b) prejudgment interest; (c) liquidated damages (available under FLSA only); (d)

reasonable litigation costs, expenses, and attorney's fees; and (e) any other relief as the Court deems just and proper.

Date:  June 4, 2018                                    Respectfully,

                                                       /s/ Peter Winebrake
                                                       Peter Winebrake, Esq.
                                                       R. Andrew Santillo, Esq.
                                                       Mark J. Gottesfeld, Esq.
                                                       Winebrake & Santillo, LLC
                                                       715 Twining Road, Suite 211
                                                       Dresher, PA 19025
                                                       Ph:  (215) 884-2491
                                                       pwinebrake@winebrakelaw.com

## CONSENT TO BECOME PARTY PLAINTIFF

I hereby consent, pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), to become a party plaintiff in the accompanying FLSA action. I understand that I will be bound by the judgment of the Court on all issues in this case.

_____
Signature

John Layer
_____
Print Name