IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN LAYER, on behalf of himself and similarly situated employees,<br>　　　　　　Plaintiff,<br>v.<br>TRINITY HEALTH CORPORATION; MERCY HEALTH SYSTEM; and LOURDES HEALTH SYSTEM,<br>　　　　　　Defendants. | 2:18-cv-02358-TR |

**ORDER GRANTING PLAINTIFF'S
UNOPPOSED MOTION FOR CERTIFICATION
OF THE SETTLEMENT CLASS, FINAL APPROVAL OF THE
CLASS ACTION SETTLEMENT, AND OTHER ASSOCIATED RELIEF**

**AND NOW**, upon consideration of John Layer's ("Plaintiff") "Unopposed Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement, and Other Associated Relief" ("Motion") (Doc. 49), the accompanying Individual Class Member Payout Amounts Chart (Doc. 49-1), the accompanying "Class/Collective Action Settlement Agreement" ("Agreement") (Doc. 49-2), the accompanying Declaration of Mark J. Gottesfeld (Doc. 49-3), the accompanying Memorandum of Law (Doc. 50), and all other papers and proceedings herein, it is hereby **ORDERED** that the Motion is **GRANTED** as follows:

1.　　The Court **CERTIFIES A SETTLEMENT CLASS** of the 78 individuals listed in the accompanying Individual Class Member Payout Amounts Chart (Doc. 49-1). This settlement class satisfies Civil Rule 23(a)'s four requirements – numerosity, commonality, typicality, and adequacy of representation – as well as Civil Rule 23(b)(3) additional requirements that common questions of law or fact "predominate over any questions affecting only individual members" and that "a class action is superior to other available methods for the

1

fair and efficient adjudication of the controversy."

2. The settlement requires Defendants to pay $280,000.00. The settlement fund will be distributed as follows: (i) $173,500.00 will be paid to 78 class members; (ii) a $10,000 service award will be paid to Plaintiff; (iii) $70,000 in attorney's fees will be awarded to the law firm of Winebrake & Santillo, LLC ("Class Counsel"); and (iv) $26,500 will be paid to Class Counsel to cover litigation expenses. The Court finds the $173,500.00 settlement payment to the 78 class members to be "fair, reasonable, and adequate," Fed. R. Civ. P. 23(e)(2), and, therefore **APPROVES** such payment. This finding is supported by the evidence and arguments presented by Plaintiff in his Motion and accompanying documents and during the October 23, 2019 fairness hearing. In particular, the record establishes that all of the criteria described in Civil Rule 23(e)(2) (as amended effective December 1, 2018) favor approval.

3. The Court **APPROVES** the class members' waiver of their Fair Labor Standards Act ("FLSA") claim. FLSA settlements require judicial approval. See Shimp v. Wildcat, LLC, 2016 U.S. Dist. LEXIS 52522, *3 (M.D. Pa. April 20, 2016). However, "an FLSA settlement is examined with less scrutiny than a class action settlement; the court simply asks whether the proposed settlement reflects a fair and reasonable compromise of disputed issues that were reached as a result of contested litigation." Lizondro-Garcia v. Kefi LLC, 300 F.R.D. 169, 179 (S.D.N.Y. 2014). Here, this standard is met.

4. The Court **APPROVES** the payment of a $10,000 service award to Plaintiff.

5. The Court **APPOINTS** the law firm of Winebrake & Santillo, LLC to serve as Class Counsel. The record establishes that this firms is qualified to serve as Class Counsel under the criteria described in Civil Rule 23(g)(1)(A).

6. The Court **APPROVES** the payment of $70,000 to Class Counsel in attorney's

fees and $26,500 in litigation expenses. As evidenced by the Declaration of Mark J. Gottesfeld this amount will reimburse Class Counsel for reasonable attorney's fees and for the litigation and settlement administration expenses to date and any additional expenses Class Counsel incurs going forward. The $70,000 fee – which amounts to 25% of the total $280,000.00 settlement fund – falls within the range of fee awards in other class action settlements. See Creed v. Benco Dental Supply Co., 2013 U.S. Dist. LEXIS 132911, *17 (M.D. Pa. Sept. 17, 2013) ("an award of one-third of the settlement is consistent with similar settlements throughout the Third Circuit"); DiClemente v. Adams Outdoor Advertising, Inc., 2016 U.S. Dist. LEXIS 88394, *11 (M.D. Pa. July 8, 2016) (courts have approved attorney's fees representing approximately "20-45%" of the FLSA settlement fund.). In addition, the fee award is supported by the factors described in Gunter v. Ridgewood Energy Corp., 223 F.3d 190, 193 n. 1 (3d Cir. 2000) and In re Prudential Insurance Company America Sales Practice Litig., 148 F.3d 283 (3d Cir. 1998).

7.  This action is **DISMISSED WITH PREJUDICE**, although the Court will continue to maintain jurisdiction over the enforcement of the settlement.

**SO ORDERED** this 23 day of Oct, 2019.

_____
Magistrate Judge Timothy R. Rice

3